STATE

v.

George BROWN.

No. 86–280–C.A.

Supreme Court of Rhode Island.

Nov. 24, 1987.

James E. O'Neil, Atty. Gen., Thomas Dickinson, Asst. Atty. Gen., for plaintiff.

William Reilly, Public Defender, Paula Rosen, Janice M. Weisfeld, Asst. Public Defenders, for defendant.

## OPINION

WEISBERGER, Justice.

This case is before us on appeal by the defendant from a judgment of conviction of assault with intent to murder and possession of a firearm after previous conviction of a crime of violence entered in the Superior Court following a jury trial. We affirm. The facts insofar as pertinent to this appeal are as follows.

The defendant, George Brown (Brown), his wife, Priscilla Johnson, and her daughter, Sandra Johnson, occupied the second floor of a two-family apartment house in Providence. The first floor was occupied by the complainants, John and Beverly Richardson. On the evening of January 4, 1982, the common hallway of that apartment building was the site of an altercation between the Brown/Johnson family and the Richardsons. Because of that altercation the police were summoned. When the police arrived, John Richardson was found holding a gun. Subsequent investigation by the police disclosed that during the

course of the alteration Brown allegedly had possession of the weapon, pointed it toward John Richardson's head, and pulled the trigger twice. Although the gun "clicked" and was loaded, no bullets were actually fired.[1] John Richardson then struggled with Brown and succeeded in getting the gun away from him. During the course of that struggle, Sandra Johnson apparently grabbed a baseball bat and began striking the Richardsons on their heads.

On September 25, 1982, a criminal information was filed in Providence County Superior Court charging Sandra Johnson with two counts of assault with a dangerous weapon, in violation of G.L. 1956 (1981 Reenactment) § 11–5–2, as amended by P.L. 1981, ch. 76, § 1, and charging George Brown with one count of assault with intent to murder, in violation of § 11–5–1, as amended by P.L. 1981, ch. 76, § 1, and one count of possession of a firearm after previous conviction of a crime of violence, in violation of § 11–47–5. Subsequently, in July 1985, a Superior Court jury returned guilty verdicts against Brown on both counts.[2] The trial justice imposed a sentence of five years on the assault charge and a term of two years, to be served concurrently, on the weapons charge.

On appeal Brown asserts that the trial justice erred in denying his motion to dismiss the charges because of an alleged failure on the part of the state to afford him a speedy trial. Brown filed his motion to dismiss on July 9, 1985. The motion clearly refers to Rule 48(b) of the Superior Court Rules of Criminal Procedure, which authorizes the dismissal of a criminal case for "unnecessary delay," as the sole basis for dismissal, even though Rule 48(b) had been repealed in November 1984. When the case was reached for trial on July 22, 1985, a hearing was held in respect to the motion to dismiss.[3] At that time, defense counsel specifically argued that Rule 48(b) provided the basis for dismissal.

 In ruling on the defense motions to dismiss, the trial justice appropriately noted that since Rule 48(b) was not in existence at the time the motions were filed, the motions of each defendant for dismissal under Rule 48(b) must be denied. In so doing, the trial justice properly anticipated this court's decision in *State v. Borges*, 519 A.2d 574 (R.I. 1986), in which we held that when a defendant in a criminal case filed a Rule 48(b) motion to dismiss subsequent to the rule's being repealed, the denial of that motion did not amount to a constitutional violation of the defendant's right to a speedy trial. Moreover, the trial justice in the instant case, in passing upon the motions to dismiss, distinguished between Brown's motion, which raised only Rule 48(b), and Johnson's motion, which relied on both Rule 48(b) and the Sixth and Fourteenth Amendments to the United States Constitution. Accordingly, the trial justice granted Johnson's motion in part, relying on the constitutional issues.[4]

---

**1.** At trial, a firearms expert testified that two steps are necessary in order to fire a single-action revolver such as the one involved in this case. First, the hammer must be cocked, and second, the trigger must be pulled. If the trigger was to be pulled without first cocking the hammer, the gun would produce a clicking sound, but would not fire.

**2.** Sandra Johnson was tried as a codefendant with George Brown and acquitted.

**3.** Sandra Johnson also filed a motion to dismiss. However, Ms. Johnson's motion referred to both Rule 48(b) of the Superior Court Rules of Criminal Procedure and the Sixth Amendment of the United States Constitution as bases for dismissal. Counsel for Sandra Johnson argued her motion first and relied on both Rule 48(b) and the Sixth Amendment in oral argument.

**4.** We note that the trial justice was correct in determining that these issues should be treated separately. This court has previously stated that the speedy-trial right protected by Rule 48(b) is not congruent in all respects with the protection afforded by our State and Federal Constitutions. *See State v. Anthony*, 448 A.2d 744 (R.I. 1982). In *Anthony* we recognized that although Rule 48(b) and the Sixth Amendment protect similar rights, Rule 48(b) is far broader in scope than the guarantees found in our State and Federal Constitutions. *Id.* at 747. Thus, we recognized that a ruling on a Rule 48(b) motion is not dispositive of the constitutional aspects of a speedy trial claim, which requires the four-pronged analysis first enunciated in *Barker v. Wingo*, 407 U.S. 514, 92 S. Ct. 2182, 33 L. Ed. 2d 101 (1972): "(1) length of the delay, (2) reason for the delay, (3) defendant's assertion of the

Before this court, Brown asserts that his Sixth Amendment right to a speedy trial was abridged. Brown also alleges a violation of his right to a speedy trial guaranteed by article 1, section 10, of the Rhode Island Constitution. However, a review of the proceedings below reveals that although Brown did seek dismissal for unnecessary delay pursuant to Rule 48(b), at no time did he assert the Sixth Amendment speedy-trial clause as a basis for dismissal. We have consistently held that an issue may not be presented on appeal unless it has first been raised in the trial court. This proposition was succinctly stated in *State v. Fogarty*, 433 A.2d 972 (R.I. 1981), in which we stated that "[n]othing is more well settled in terms of appellate practice than the proposition that a matter may not be raised on appeal which was not initially presented and articulated in the trial court." *Id.* at 974; *see also State v. Burke*, 522 A.2d 725 (R.I. 1987).

We acknowledge that certain limited circumstances exist wherein this court will review questions concerning basic constitutional rights, notwithstanding a defendant's failure to raise the issue at trial. *See State v. Burke*, 522 A.2d at 731. First, the error complained-of must consist of more than harmless error. Second, the record must be sufficient to permit a determination of the issue. Third, counsel's failure to raise the issue at trial must be due to the fact that the issue is based upon a novel rule of law of which counsel could not reasonably have known at the time of trial. *See id.*, and cases cited therein.

In the case at bar, Brown has not satisfied our standard for appellate review. The issue raised by Brown is that his Sixth Amendment right to a speedy trial has been violated. The issue he raises is not a novel one, in fact constitutional speedy-trial claims have been governed by the United States Supreme Court decision in *Barker v. Wingo*, 407 U.S. 514, 92 S. Ct. 2182, 33 L.

Ed. 2d 101 (1972), for the past fifteen years. Accordingly, since trial counsel should reasonably have been aware of the legal basis for the constitutional claim, and thus should have preserved the issue for appeal, we must decline review.

For the reasons stated, the defendant's appeal is denied and dismissed, the judgments of conviction are affirmed, and the papers in the case are remanded to the Superior Court.

right to a speedy trial, and (4) prejudice to the accused." *State v. Anthony*, 448 A.2d at 749.

In the instant case, the trial justice, mindful of the appropriate *Barker v. Wingo* analysis, determined that the death of Priscilla Johnson just before trial, and thus her unavailability as a witness, prejudiced Sandra Johnson's ability to defend herself with respect to count 1. However, the trial justice determined that no prejudice resulted with respect to count 2.